333 F.3d 1008
 Pedro Sebastian BUSQUETS-IVARS; Angelica Sylvia Busquets; Alejandro Ernesto Busquets-Araneda; Mauricio Ignacio Busquets-Araneda, Petitioners,
v.
John ASHCROFT, Attorney General, Respondent.
 No. 02-70643.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 9, 2003.
 Filed June 24, 2003.
 
 Gregory J. Boult, and Roger J. Gleckman, Gleckman and Sinder, Los Angeles, CA, for the petitioners.
 Jamie M. Dowd and Russell J.E. Verby, United States Department of Justice, Civil Division, Washington, DC, for the respondent.
 On Petition for Review of an Order of the Board of Immigration Appeals.
 Before: BEEZER, FERNANDEZ, and PAEZ, Circuit Judges.
 Opinion by Judge BEEZER; Dissent by Judge FERNANDEZ.
 OPINION
 BEEZER, Circuit Judge:
 
 
 1
 We consider the requirements for proper notice of scheduled removal hearings.
 
 
 2
 Pedro Sebastian Busquets-Ivars, Angelica Sylvia Busquets, Alejandro Ernesto Busquets-Araneda and Mauricio Ignacio Busquets-Araneda ("Busquets") were ordered removed in absentia. The Busquets contend that the Immigration and Naturalization Service ("INS") failed to prove service of notice. The Busquets petition for review of the Board of Immigration Appeals' ("BIA") decision to not reopen. We have jurisdiction pursuant to 8 U.S.C. § 1229(b) and we grant the petition for review.
 
 
 3
 * The Busquets are natives of Chile who entered the United States in April 1988, with visitor visas. In September 1997, the Busquets submitted an application for asylum and withholding of deportation. The Busquets were instructed to complete an INS form and to provide a street address to which the INS could mail hearing notices. The Busquets gave two distinct addresses. They were:
 
 
 4
 (A) c/o P.O. Box 1171
 Fontana, CA 92316
 8841 Buckeye Drive
 Fontana, CA 92335
 
 
 5
 The address used by the INS to notify the Busquets of an established date and time for hearing was as follows:
 
 
 6
 (B) 8841 Buckeye Drive
 Fontana, CA 92316-0000
 
 
 7
 The INS used a correct street designation of one address coupled with an erroneous zip code for that street address.
 
 
 8
 We review de novo the BIA's determination of purely legal questions regarding the Immigration and Nationality Act ("INA"). Molina-Estrada v. INS, 293 F.3d 1089, 1093 (9th Cir.2002).
 
 II
 
 9
 In this case, 8 U.S.C. § 1229(a)(1) required that notice be sent by regular mail. The INS chose to use certified mail, gaining a stronger rebuttable presumption of delivery.[1] Based on our examination of the record and inquiry at oral argument, it is clear that the INS cannot produce a return receipt for the mailed notice. See Mulder v. Commissioner, 855 F.2d 208, 212 (5th Cir.1988), (explaining that "the IRS file does not contain either the original letter or the executed return receipt. While it is presumed that a properly-addressed piece of mail placed in the care of the Postal Service has been delivered, no such presumption of delivery exists for certified mail when the requested return receipt is not received by the sender.") (emphasis added); see also Moya v. U.S., 35 F.3d 501, 504 (10th Cir.1994).
 
 
 10
 McPartlin v. Commissioner, 653 F.2d 1185, 1191 (7th Cir.1981) says "[t]he fact that the Commissioner's file contains no return receipt for the notice mailed April 13, 1978 fosters the conclusion that fault for the petitioners' failure to receive notice must rest with the Postal Service or the Commissioner, but, in any event, not with petitioners." (emphasis added) We express no opinion whether the record, lacking the return receipt, deprives the INS of the presumption that notice was effective and thus relieving the Busquets of having to rebut the presumption. We direct our attention, instead, to whether the mailing was properly addressed.
 
 III
 
 11
 Rosenthal v. Walker, 111 U.S. 185, 4 S.Ct. 382, 28 L.Ed. 395, (1884), establishes the standards for mailings, "The rule is well settled that if a letter properly directed is proved to have been either put into the post-office or delivered to the postman, it is presumed, from the known course of business in the post-office department, that it reached its destination at the regular time, and was received by the person to whom it was addressed." (emphasis added) Rosenthal, 111 U.S. at 193, 4 S.Ct. at 386. We hold that the Busquets letter was not "properly directed".
 
 IV
 
 12
 A zip code is an operative part of a properly directed piece of mail. 39 C.F.R. § 111.1 (2003) incorporates the contents of the Domestic Mail Manual ("DMM"). Section A010.1.2, of the DMM explains "ZIP Codes (5-digit or ZIP + 4) are required on ... penalty mail." Penalty mail is defined as "official mail sent by U.S. government agencies, relating solely to the business of the U.S. government." DMM-57 § E060.1.0. For this standard, "agencies are departments, agencies, corporations, establishments, commissions, committees... authorized to use penalty mail." Id. Postal Service Handbook DM-103 lists "Immigration and Naturalization — Justice" as an authorized agency. Properly directed INS notice requires inclusion of a proper zip code.
 
 
 13
 The INS fails to meet 8 U.S.C. § 1229(a)(1)'s requirement because the zip code used was incorrect. The INS cannot benefit from the rebuttable presumption of the Rosenthal rule. The INS records affirmatively demonstrate that the hearing notice was improperly addressed.
 
 V
 
 14
 We hold that invocation of a presumption of notice requires the INS to prove that the notice (1) was properly addressed; (2) had sufficient postage; and (3) was properly deposited in the mails. A notice which fails to include a proper zip code is not properly addressed.
 
 
 15
 REVIEW GRANTED.
 
 
 
 Notes:
 
 
 [1]
 8 U.S.C. § 1252b(a)(2)(A) (repealed in 1996) required notice to be sent by certified mail. Notice mailing requisites are now contained in 8 U.S.C. § 1229(a)(1) and only require regular mailSee Salta v. INS, 314 F.3d 1076 (9th Cir.2002).
 
 
 FERNANDEZ, Circuit Judge, Dissenting:
 
 16
 Busquets-Ivars asks us to grant his petition because the INS used the wrong ZIP code when it used certified mail to give him the required notice to appear. It is notable that he does not now assert, and never has asserted, that the notice, which did bear the street address he gave to the INS, did not arrive at its destination. The majority agrees with him; I do not. Absence of or error in a ZIP code does not mean that the address is insufficient for delivery. See Domestic Mail Manual of the Postal Service, 39 C.F.R. § 111.5, A010 (General Addressing Standards); id. at F010 (Basic Information); id. at S912 (Certified Mail).[1] A plethora of cases is to the same effect. In Santoro v. Principi, 274 F.3d 1366 (Fed.Cir.2001), for example, the Court of Appeals for Veterans Claims had declared that a notice of appeal sent to it by Mr. Santoro was insufficient because it had an incorrect ZIP code. Id. at 1368-69. The Court of Appeals for the Federal Circuit disagreed and said:
 
 
 17
 This case calls upon this court to interpret the meaning of the term "properly addressed." More specifically, the court must decide whether an incorrect zip code renders a notice of appeal improperly addressed. The Secretary contended at oral argument that the language "properly addressed" requires that the address be without flaw, i.e., perfect. This court rejects the Secretary's contention as contrary to the plain language of the statute and the overwhelming body of precedent.
 
 
 18
 Construing the statutory term according to its normal usage, a "proper" address would be "characterized by appropriateness or suitability" for its intended purpose. The purpose of an address is to supply information for delivery of mail to its intended destination. Hence, an address containing errors inconsequential to delivery is still proper.
 
 
 19
 . . . .
 
 
 20
 The Post Office itself promulgates standards for deliverable mail in the "Domestic Mail Manual of the Postal Service" (Mail Manual). The Mail Manual provides, inter alia, that a deliverable address need not contain a zip code at all.
 
 
 21
 Similarly, other courts considering this type of issue have held that lack of a zip code or an incorrect zip code will not preclude mail from being "properly addressed."
 
 
 22
 In view of the above, the Court of Appeals for Veterans Claims erred in holding that [the] notice of appeal was improperly addressed because of an incorrect zip code.
 
 
 23
 Id. at 1369-70 (citations omitted); see also In re Longardner & Assocs., Inc., 855 F.2d 455, 460 (7th Cir.1988) (holding absence of a ZIP code on notice mailed from court does not eliminate presumption of delivery, and fact notice not returned strengthens it); Leason v. Rosart, 811 F.2d 1322, 1325 (9th Cir.1987) (holding that despite denial of receipt, improper ZIP code does not obviate finding of receipt where notice not returned); Pickering v. Comm'r, 75 T.C.M. (CCH) 2152, 2154 (1998) (holding that incorrect ZIP code on deficiency notice from IRS does not necessarily prevent delivery and was inconsequential); cf. Salta v. INS, 314 F.3d 1076, 1079 (9th Cir.2002) ("delivery of regular mail does not raise the same `strong presumption' as certified mail," and a sworn affidavit of nonreceipt can rebut the presumption).
 
 
 24
 Santoro cited numerous other authorities. Yet Busquets claims that sending a certified mail notice to a correct street address is not sufficient evidence of service, if the ZIP code is wrong. He says that is true in a case where the notice was not returned to the INS and the alien does not state, much less swear, that the notice did not reach the given address.
 
 
 25
 Even to a lover of procedural niceties, that is a rather amazing proposition. It is not now the law; nor should it become the law. In fine, one need not be Akinetos[2] to remain unmoved by Busquets' claim that an incorrect ZIP code is enough to invalidate the proceedings against him when he does not even deny delivery of the notice.
 
 
 26
 Thus, I respectfully dissent.
 
 
 
 Notes:
 
 
 [1]
 Incidentally, I recognize that some government agency mail is "penalty mail," that is, mail sent "without prepayment of postage."See 39 C.F.R. § 111.5, E060.1.0. That, however, is far from saying that all government agency mail (including certified mail) is "penalty mail," that penalty mail was used in this case, or that the ZIP code error made the mail undeliverable.
 
 
 [2]
 See R.H. Horne, Orion 14 passim (The Scholartis Press 1928) (1843).