**Gurmeet Singh LONGIA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–75874.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2008.*

Filed March 24, 2008.

R.App. P. 34(a)(2).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Robert B. Jobe, Esq., Law Offices of Robert B. Jobe, San Francisco, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark C. Walters, Esq., Joanne E. Johnson, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, T.G. NELSON, and BEA, Circuit Judges.

## MEMORANDUM **

Gurmeet Singh Longia, a native and citizen of India, petitions for review of the Board of Immigration Appeals' order affirming without opinion the decision of an immigration judge denying his motion to reopen proceedings in which he was ordered excluded *in absentia.* We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Lo v. Ashcroft,* 341 F.3d 934, 937 (9th Cir.2003), we grant the petition for review and remand for further proceedings.

The agency abused its discretion in denying Longia's motion to reopen where the evidence of record shows reasonable cause for Longia's failure to appear. *See Urbina–Osejo v. INS,* 124 F.3d 1314, 1316 (9th Cir.1997) (observing that "reasonable cause" under former 8 U.S.C. § 1252(b) can exist if petitioner does not receive adequate notice of hearing). The agency failed to mail the notice of hearing to the exact name and address provided by Longia. *See Busquets–Ivars v. Ashcroft,* 333 F.3d 1008, 1010 (9th Cir.2003) (holding that the invocation of a presumption of notice requires the agency to prove that the notice was properly addressed). Additionally, the record copy of the mailing envelope, upon which the agency relies for evidence of effective service, contains no name or address. *See Sembiring v. Gonzales,* 499 F.3d 981, 989 (9th Cir.2007) ("[T]he envelope used to send the notice ... bears no indication whatsoever of either [petitioner's] name or her address...."). Accordingly, we grant the petition and remand for further proceedings in light of Longia's showing of reasonable cause for failing to attend the hearing. *See generally INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.