**WEN ZHEN MA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 07–71541.**

United States Court of Appeals, Ninth Circuit.

Submitted July 14, 2009.*

Filed July 24, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Joel Henry Wolff, Red Rock Legal, PLLC, Bellevue, WA, for Petitioner.

Carol Federighi, Esquire, Senior Litigation Counsel, Song Park, DOJ—U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SCHROEDER, THOMAS, and WARDLAW, Circuit Judges.

### MEMORANDUM **

Wen Zhen Ma, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") decision denying her motion to reopen removal proceedings conducted in absentia. Our jurisdiction is governed by 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion, *Salta v. INS*, 314 F.3d 1076, 1078 (9th

Cir.2002), and review de novo due process claims, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003). We grant in part and deny in part the petition for review, and remand for further proceedings.

■ The agency held Ma to the strong presumption of effective service of the Notice to Appear, even though there was no certified mail receipt in the record. *See Sembiring v. Gonzales*, 499 F.3d 981, 987 (9th Cir.2007) (noting that the strong presumption makes sense for letters sent by certified mail because "there is a paper trail in Postal Service records showing both mailing and receipt (or non-receipt).") Under these circumstances, it appears that the government may not be entitled to the presumption of service. We therefore remand for the BIA to determine the correct standard and apply it. *See Busquets–Ivars v. Ashcroft*, 333 F.3d 1008, 1009 (9th Cir.2003) (leaving open the question of "whether the record, lacking the return receipt, deprives the [government] of the presumption that the notice was effective").

■ The BIA did not err in denying Ma's ineffective assistance claim because her consultant's alleged negligence did not affect her removal proceedings. *See Lara–Torres v. Ashcroft*, 383 F.3d 968, 973 (9th Cir.2004), *amended on other grounds by* 404 F.3d 1105 (9th Cir.2005).

Ma's remaining contentions are unavailing.

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.** Each party shall bear its own costs for this petition for review.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.