**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRYON NICHOLS,<br><br>        Plaintiff - Appellant,<br><br>v.<br><br>GC SERVICES, LP,<br><br>        Defendant - Appellee. | No. 09-17811<br><br>D.C. No. 2:08-cv-01491-FJM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Argued and Submitted March 1, 2011
Tempe, Arizona

Before:     CANBY, HAWKINS, and CLIFTON, Circuit Judges.

Bryon Nichols appeals from the district court's judgment, following partial summary judgment and a jury trial, in his action under the Fair Debt Collection Practices Act against GC Services, LP.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo both a grant and a denial of summary judgment.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

*Padfield v. AIG Life Ins. Co.*, 290 F.3d 1121, 1124 (9th Cir. 2002). We affirm.

The district court properly granted summary judgment for GC Services on Nichols's claim that GC Services improperly continued to communicate with him after he sent a cease-and-desist letter, in violation of 15 U.S.C. § 1692c(c), because Nichols failed to raise a genuine issue of material fact as to whether GC Services had received his letter. GC Services had no record of having received the letter, and Nichols testified in his deposition that he mailed the letter by certified mail, return receipt requested, but that he did not receive a return receipt. *See* 15 U.S.C. § 1692c(c) ("notification shall be complete upon receipt" if made by mail); *see also Busquets-Ivars v. Ashcroft*, 333 F.3d 1008, 1009 (9th Cir. 2003) (citing *Mulder v. Comm'r*, 855 F.2d 208, 212 (5th Cir. 1988) ("While it is presumed that a properly-addressed piece of mail placed in the care of the Postal Service has been delivered, no such presumption of delivery exists for certified mail when the requested return receipt is not received by the sender.")).

We do not review the district court's denial of summary judgment regarding Nichols's claim that GC Services improperly threatened him, in violation of 15 U.S.C. § 1692e(5), because the denial was "based on a disputed issue of fact, and that issue of fact was decided in a subsequent trial." *Banuelos v. Constr. Laborers' Trust Funds for S. Cal.*, 382 F.3d 897, 902-03 (9th Cir. 2004); *see also Baker v.*

*G.C. Servs. Corp.*, 677 F.2d 775, 779) (9th Cir. 1982) (whether creditor's conduct constitutes a threat under § 1692e is a factual determination).

**AFFIRMED.**