**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

MAYEL PEREZ-VALENCIA, AKA
Santos Irizarry Castillo, AKA
Miguel Martinez, AKA Miguel
Angel Martinez-Marquez, AKA
Miguelito, AKA Mayel Valencia
Perez,
*Defendant-Appellant*.

No. 12-50063

D.C. No.
2:11-cr-00442-
PA-2

OPINION

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued & Submitted
February 4, 2013—Pasadena, California

Filed July 16, 2013

Before: Diarmuid F. O'Scannlain, Stephen S. Trott,
and Richard R. Clifton, Circuit Judges.

Opinion by Judge Trott

**SUMMARY**[*]

**Criminal Law**

The panel remanded a criminal case for the limited purpose of full development of the factual record with respect to the authority of an assistant San Bernardino County district attorney as the person who applied for a state wiretap, and for a second issue should it become ripe.

The panel held that the language "the principal prosecuting attorney" found in 18 U.S.C. § 2516(2) can include a state assistant district attorney who has been duly designated to act in the absence of the district attorney, and that compliance with § 2516(2) necessarily requires an analysis of the applicable state wiretap statute, here California Penal Code § 629.50.

The panel also held that "the" attorney designated to act in the district attorney's absence – as § 629.50 specifies – must be acting in the district attorney's absence not just as an assistant district attorney designated with the limited authority to apply for a wiretap order, but as an assistant district attorney duly designated to act for all purposes as the district attorney of the political subdivision.

Because the record is insufficient for the panel to determine the precise nature of the assistant district attorney's authority at the time he applied for the disputed wiretap, the

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

panel remanded for development of the factual record as to that authority.

The panel did not address the government's argument that the evidence subject to the defendant's suppression motion was so attenuated from the alleged statutory violation that it need not be excluded, an issue that will only become ripe if the district court invalidates the wiretap on the ground that the assistant district attorney lacked authority to apply for it.

The panel stated that it retains jurisdiction over any further appeals.

## COUNSEL

Carlton F. Gunn, Kaye, McLane, Bednarski & Litt, LLP, Pasadena, California, for Defendant-Appellant.

Jennie L. Wang, Assistant United States Attorney, United States Department of Justice, Violent and Organized Crime Section, Los Angeles, California, for Plaintiff-Appellee.

## OPINION

TROTT, Circuit Judge:

Mayel Perez-Valencia appeals his conviction following a conditional plea of guilty to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we remand for the limited purpose of full development of the factual record with respect to the authority of Assistant District Attorney

Dennis Christy ("ADA Christy") as the person who applied for the state wiretap at issue, and for a second issue should it become ripe.

# I

Perez-Valencia entered his plea after the district court denied his motion to suppress evidence obtained as a result of a wiretap authorized by the San Bernardino County Superior Court on March 30, 2010. The application was filed by ADA Christy, who was purportedly "designated" pursuant to California Penal Code § 629.50(a) by the county district attorney to apply for the wiretap in the district attorney's absence. Perez-Valencia argues that the wiretap application was invalid because 18 U.S.C. § 2516(2) allows only "the principal prosecuting attorney" of a political subdivision — here, the official district attorney of San Bernardino County — to apply to a state court for a wiretap.

# II

District Attorney Michael Ramos ("DA Ramos") was out of his office from March 29 to March 31, 2010, attending to an ill family member who had just undergone surgery for a serious health condition. The previous year, DA Ramos had issued an internal memorandum, which stated:

> I, Michael A. Ramos, District Attorney of San Bernardino County, *pursuant to [California] Penal Code section 629.50(a)* hereby designate the following individuals to act in my absence.

1.  Dennis Christy, Assistant District Attorney

2.  James B. Hackleman, Assistant District Attorney

3.  Clark Hansen III, Chief Deputy District Attorney.

(emphasis added).  Therefore, when the need arose on March 30, 2010, ADA Christy applied to the San Bernardino County Superior Court for the wiretap.

In the wiretap application, ADA Christy stated that "Michael Ramos is the District Attorney of San Bernardino County, and I am the person designated to act in his absence pursuant to Penal Code section 629.50."  As noted, however, Christy was not the *only* person so designated, but one of three persons on the list.  The San Bernardino County Superior Court approved the application the same day it was filed.

The wiretap produced evidence that Perez-Valencia, known at that time only as "Miguel," was involved in the methamphetamine organization.  Multiple other wiretaps, searches and seizures, and a confidential informant later, Perez-Valencia and 29 other conspirators were indicted.

### III

Wiretaps issued by state courts are regulated by 18 U.S.C. § 2516(2):

> *The principal prosecuting attorney* of any State, or the principal prosecuting attorney of any political subdivision thereof, *if such attorney is authorized by a statute of that State* to make application to a State court judge . . . *may apply* to such judge for . . . an order authorizing, or approving the interception of wire, oral, or electronic communications . . . .

18 U.S.C. § 2516(2) (emphasis added). California Penal Code § 629.50 is the California statute that authorizes wiretap applications within the State. At the county level, the statute states that "a district attorney, or *the* person designated to act as district attorney in the district attorney's absence," may apply to a superior court "for an order authorizing the interception of a wire or electronic communication." *Id.* § 629.50(a) (emphasis added).

## IV

The primary contention raised by Perez-Valencia is that the language "the principal prosecuting attorney" found in § 2516(2) cannot and should not be read to include a state assistant district attorney, whether or not that assistant has been duly designated to act in the absence of the district attorney. We disagree. As noted, § 2516(2) also says with respect to the language Perez-Valencia highlights, "if such attorney is authorized by a statute of that State to make application to a State court judge . . . for an order authorizing or approving the interception of wire, oral, or electronic communications." Thus, we agree with the government that compliance with § 2516(2) necessarily requires an analysis of the applicable state wiretap statute, here California Penal

Code § 629.50. That statute in turn plainly authorizes "*the* person designated to act as district attorney in the district attorney's absence" to apply for such an order.

In this respect, we agree with our colleagues in the Second Circuit:

> Congress simply could not have intended that local wiretap activity would be completely suspended during the absence or disability of the official specifically named (in § 2516(2)). This conclusion is supported by the legislative history. The Senate Report states that "the issue of delegation (by the Attorney General or District Attorney) would be a question of state law." S. Rep. No. 1097, 90th Cong. 2d Sess. (1968).

*United States v. Fury*, 554 F.2d 522, 527 n.4 (2nd Cir. 1977) (internal quotation marks & first citation omitted).

We hold also, however, that "*the*" attorney designated to act in the district attorney's absence — as § 629.50 specifies — must be acting in the district attorney's absence not just as an assistant district attorney designated with the limited authority to apply for a wiretap order, but as an assistant district attorney duly designated to act for *all* purposes as the district attorney of the political subdivision in question.

## V

The record as it now stands, however, is insufficient for us to determine the precise nature of ADA Christy's authority at the time he applied for the disputed wiretap. Because of

ambiguity in DA Ramos's designation memo, we require answers to the following questions.[1] In DA Ramos's absence, was ADA Christy duly acting *for all purposes* as *the* "principal prosecuting attorney" of San Bernardino County? 18 U.S.C § 2516(2); Cal. Penal Code § 629.50. Specifically, did ADA Christy have all the powers of an acting district attorney or did he merely possess the limited authority to apply for state wiretaps? What was DA Ramos's purpose in designating three people to act in his absence? Did the memo give all three of the listed individuals simultaneously the power to apply for wiretaps in the district attorney's absence? Or was it a progressive, hierarchical designation of power, meaning that, at any given time, only one person on the list could exercise the powers of district attorney and the others did not have any powers unless those above them in the hierarchy were absent and unavailable?

## VI

We do not address the government's argument that the evidence subject to the defendant's motion to suppress is so attenuated from the alleged statutory violation that it need not be excluded. *See United States v. Smith*, 155 F.3d 1051, 1060 (9th Cir. 1998) ("[A]t *some* point, even in the event of a direct and unbroken causal chain, the relationship between the unlawful search or seizure and the challenged evidence

---

[1] Ordinarily, we would remand for answers to these questions before holding that an assistant district attorney to whom plenary power had been properly delegated could lawfully apply for a wiretap order. Here, however, judicial economy dictates that we do so now to avoid asking the district court to answer questions and to make a decision without any assurance that the district court's work would be relevant to the outcome of this case on appeal. Also, our chosen sequence may well avoid the need for a decision on the issue of attenuation. *See infra* Part VI.

becomes sufficiently weak to dissipate any taint resulting from the original illegality."). This second issue will only become ripe if the district court invalidates the wiretap on the ground that ADA Christy lacked the authority to apply for it. Should the court so decide, however, then the court shall address the government's attenuation argument as part of this limited remand.

Accordingly, we remand for the limited purpose of findings of fact as required by these questions. This panel retains jurisdiction over any further appeals.

**REMAND** to the District Court.