**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, v. MAYEL PEREZ-VALENCIA, AKA Santos Irizarry Castillo, AKA Miguel Martinez, AKA Miguel Angel Martinez-Marquez, AKA Miguelito, AKA Mayel Valencia Perez, *Defendant-Appellant*. | No. 12-50063 D.C. No. 2:11-cr-00442-PA-2 OPINION |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted
February 4, 2013
Limited Remand
July 16, 2013
Pasadena, California

Filed March 3, 2014

Before: Diarmuid F. O'Scannlain, Stephen S. Trott,
and Richard R. Clifton, Circuit Judges.

Opinion by Judge Trott

**SUMMARY**[*]

**Criminal Law**

The panel affirmed the district court following remand wherein the panel had asked the district court to examine and to determine the precise nature of San Bernardino County District Attorney Michael Ramos's delegation of authority in his absence to Assistant District Attorney Dennis Christy, who, as designee of Ramos, applied for and obtained a state wiretap.

The record developed by the district court on remand left the panel with no doubt that in Ramos's absence, Christy was "running the office," satisfying the panel's concern that the delegation might have been only for wiretap applications. The panel also found it noteworthy that the narrow powers Ramos retained were not delegated to anyone else.

With the benefit of a complete record, the panel found it appropriate to qualify its use in its first opinion of the word "all." In the new opinion, the panel used that word to refer to the routine standard daily functions of a prosecutor's office, which does not include administrative matters involving budgets, personnel, or even the unique penalty decision in a capital case.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Carlton F. Gunn, Kaye, McLane, Bednarski & Litt, LLP, Pasadena, California, for Defendant-Appellant.

Jennie L. Wang, Assistant United States Attorney, United States Department of Justice, Violent and Organized Crime Section, Los Angeles, California, for Plaintiff-Appellee.

**OPINION**

TROTT, Circuit Judge:

**I**

After we heard oral argument in this case, we remanded it to the district court for further proceedings. *United States v. Perez-Valencia*, 727 F.3d 852 (9th Cir. 2013). Specifically, we asked the district court to examine and to determine the precise nature of District Attorney Michael Ramos's delegation of authority in his absence to Assistant District Attorney Christy. We were principally concerned that Christy might have been acting with only the limited authority to apply for a wiretap order. We were also concerned that the three persons on Ramos's delegation list might each have simultaneously had the power to apply for wiretaps in Ramos's absence. We no longer have these reservations. Thus, we affirm.

## II

After conducting a plenary hearing as we requested, the district court memorialized its findings of fact and conclusions of law.[1] *United States v. Perez-Valencia*, No. CR 11-442 PA, 2013 WL 6385264 (C.D. Cal. Dec. 6, 2013). The following is a quotation from those findings of fact.

1.   On March 30, 2010, government authorities obtained a state wiretap from a San Bernardino County Superior Court Judge. The state wiretap was obtained by application of San Bernardino County Assistant District Attorney ("ADA") Dennis Christy, who declared under penalty of perjury that "Michael Ramos is the District Attorney of San Bernardino County, and I am the person designated to act in his absence pursuant to Penal Code section 629.50(a)." The state court judge signed the order authorizing the March 30, 2010, wiretap, finding that "Dennis Christy, Assistant District Attorney, who is the designee of Michael Ramos, District Attorney for the County of San Bernardino, State of California, made application to this Court requesting authorization to intercept [wire and electronic communications]." The state court found that "The Assistant District Attorney, who is the designee of the District Attorney of San Bernardino County, State of California, is the applicant for this interception."

2.   At all relevant times, the elected district attorney of San Bernardino County was Michael A. Ramos ("DA Ramos").

---

[1] We thank our district court colleague for his prompt and thorough attention to our request.

3.  Beginning in mid-2003 through the relevant time period, during the absence of DA Ramos, it was the practice of the San Bernardino County District Attorney's Office ("SBCDA"), to delegate the duties of the District Attorney to the Assistant District Attorney ("ADA") for Criminal Operations, Dennis Christy. Specifically, ADA Christy would become the acting District Attorney in DA Ramos' absence. In the event that DA Ramos and ADA Christy were both absent, the ADA for Administration, James B. Hackleman, would assume the duties of acting DA.  In the event that DA Ramos, ADA Christy and Hackleman were all absent, the Chief Deputy District Attorney for the Central Division, Clark Hansen, III, would assume the duties of acting DA.

4.  On July 1, 2009, DA Ramos executed an internal office memorandum (the "Designation Memorandum") codifying this policy and practice.  The Designation Memorandum designated three individuals to act in his absence, in the following order of succession: first, ADA Christy; second, Mr. Hackleman; and third, Mr. Hansen. These three individuals were to assume the position of acting DA in successive order, that is ADA Christy was to assume the duties of acting DA in DA Ramos' absence; ADA Hackleman was to assume the duties of the acting DA only in the absence of both DA Ramos and ADA Christy; and Mr. Hansen was to assume the duties of the acting DA only in the absence of DA Ramos, ADAs Christy and Hackleman.  At no time was more than one person at the SBCDA office authorized to be the acting DA in DA Ramos' absence.

5.  The purpose of the delegation of power was to provide a clear and linear chain of command within the office which could be accessed to provide guidance and policy making decisions to members of law enforcement and deputy

district attorneys working within the office during the absence of the DA. Although the Designation Memorandum referenced California Penal Code § 629.50(a), the acting DA's authority to act in DA Ramos' absence was not limited to only applying for wiretap orders. The reference to . . . [s]ection 629.50(a) was to establish a written record of compliance with California state wiretap law.[2]

7.    ADA Christy's job description specifies that his duties include, but are not limited to "act for the District Attorney during absences" and to "make interim policy and procedural decisions in the absence of the District Attorney."

8.    Except for certain non-exigent policy and procedural decisions, the acting DA assumes all the powers, duties, and responsibilities of the District Attorney. During the absence of the DA, he or she is fully empowered to act as the DA for any matters that might arise in the day to day operations of the office, including, but not limited to, making an application for a wiretap. There are certain policy and procedural decisions that can await the return of the DA that are not delegated by DA Ramos and are not made by the acting DA. Those decisions, which include whether to seek the death penalty in a capital case and personnel decisions in which an employee is to be terminated, are not of an exigent nature and are personally made by DA Ramos upon his return to the office. The SBCDA's process of determining whether to seek the death penalty is made by a committee comprised of DA Ramos and five assistant district attorneys and chief deputy district attorneys over a prolonged period of time.

---

[2] Paragraph six has been combined with paragraph five for the reader's convenience.

Death penalty committee meetings are schedule for when the DA is available.

9.  DA Ramos was absent from the SBCDA office on March 29, 30 and 31, 2010, because he was in the hospital attending to his wife, who had undergone surgery for a serious health condition.  While in the hospital, DA Ramos was not in communication with anyone from the office on March 29 and 30, 2010, during work hours.  During that time, DA Ramos could not have exercised any of the duties of the district attorney due to his absence.  On March 31, DA Ramos was involved in transitioning his wife from the hospital to their home and could not communicate with anyone from the office during business hours.  DA Ramos does not recall communicating with anyone from the office on that day, but if he did speak to anyone from the office, it would have been after he and his wife returned home.  Accordingly, DA Ramos was absent from and unavailable to the SBCDA office for the entire period of March 29, 2010, through March 31, 2010.

10. While DA Ramos was absent and unavailable on March 29, 30, and 31, 2010, ADA Christy was the acting DA of San Bernardino County.  As acting DA, ADA Christy assumed all the delegable powers, duties and responsibilities of the District Attorney during that period.  Neither ADAs Hackleman or Hansen assumed the duties of the acting DA during that time.

11. On March 30, 2010, ADA Christy, while performing the duties of the acting DA during DA Ramos' absence from the office, authorized the wiretap application at issue in defendant Mayel Perez-Valencia's Motion to Suppress.  In the wiretap application, ADA Christy invoked the language

of the Designation Memorandum and expressly stated that he was making the application as "the District Attorney Designee" and that "Michael Ramos is the District Attorney of San Bernardino County, and I am the person designated to act in his absence pursuant to California Penal Code section 629.50(a)."

12. DA Ramos' testimony concerning the delegation of power in the SBCDA office in the event of his absence was credible and consistent with the evidence before the Court.

13. Accordingly, the Court finds that on March 30, 2010, no one other than ADA Christy was authorized to apply for wiretaps pursuant to Section 629.50(a). Nor was any other person authorized to exercise any of the responsibilities and duties of the District Attorney during DA Ramos' absence. The Court therefore finds that at that time, ADA Christy had all the powers of an acting district attorney.

14. The Court additionally concludes that ADA Christy was duly acting as "the" "principal prosecuting attorney" of San Bernardino County for all purposes within the meaning of 18 U.S.C. § 2516(2) and California Penal Code section 629.50 when he authorized the wiretap application at issue in this case.

### III

The record developed by Judge Anderson leaves no doubt that in Ramos's absence, Christy was "running the office." No one else was authorized to do so. This finding satisfies our concern that the delegation might have been only for wiretap applications. It was not. Christy was functioning as the principal prosecuting attorney for all regular decisions the

office made, without exception. The circumscribed areas of authority retained by Ramos were in and of themselves exceptions to the daily normative activities of a district attorney's office. We also find it noteworthy that the narrow powers Ramos retained were not delegated to anyone else.

Now that we have the benefit of a complete record, we find it appropriate to qualify our use in our first opinion of the word "all." We now use that word to refer to the routine standard daily functions of a prosecutor's office, which does not include administrative matters involving budgets, personnel, or even the unique penalty decision in a capital case. As explained by Ramos, such a decision is made by a committee over a prolonged period of time. Such committee meetings are simply not scheduled in Ramos's absence.

**AFFIRMED**.