**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 12 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE LUCIO MOSCOSO-ALVARADO, | No. 18-72887 |
| Petitioner, | Agency No. A078-317-723 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 10, 2021[**]
San Francisco, California

Before: HURWITZ and BRESS, Circuit Judges, and CORKER,[***] District Judge.

Jose Moscoso-Alvarado, a citizen and native of Guatemala, was charged with

removability for overstaying a visitor visa. At a 2002 bond hearing, he stated he

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Clifton L. Corker, United States District Judge for the Eastern District of Tennessee, sitting by designation.

would live and receive mail at his brother's home in California while awaiting a removal hearing. The immigration court mailed two notices of the time and place of the hearing to that address, but Moscoso failed to appear and was ordered removed *in absentia*. Moscoso moved to reopen proceedings in 2017, claiming he had not received notice of his removal order until 2011. An Immigration Judge denied relief, and the Board of Immigration Appeals ("BIA") dismissed an appeal. Reviewing for abuse of discretion, *see Go v. Holder*, 744 F.3d 604, 609 (9th Cir. 2014), we deny the petition for review in part and dismiss it in part for lack of jurisdiction.

1. A hearing notice is presumed received when "properly directed" to the alien's last provided address. *See Busquets-Ivars v. Ashcroft*, 333 F.3d 1008, 1010 (9th Cir. 2003) (quoting *Rosenthal v. Walker*, 111 U.S. 185, 193 (1884)); *Matter of M-R-A-*, 24 I. & N. Dec. 665, 673 (BIA 2008). Although "delivery by regular mail does not raise the same 'strong presumption' as certified mail," the burden remains on the alien to rebut the presumption of receipt. *Salta v. INS*, 314 F.3d 1076, 1079 (9th Cir. 2002).

Moscoso admitted that he resided at his brother's home for only "a few days," but averred that his brother "always" informed him when mail arrived, and that no immigration court mailings had arrived. The BIA did not abuse its discretion in finding that this bare allegation was insufficient to rebut the presumption of receipt.

Moscoso's other attempts to defeat the presumption are also unavailing. *First*,

2

he claims the record is missing an "Exhibit 4," allegedly demonstrating improper handing within the agency; but the document is located at page 210 of the Administrative Record. *Second*, he argues the immigration court staff should not have used a stamp to "sign" the notice, but he points to no Ninth Circuit precedent requiring a handwritten signature on an otherwise properly directed notice. *See Busquets-Ivars*, 333 F.3d at 1010 (requiring a correct address, sufficient postage, and deposit in the mail). *Third*, Moscoso fails to offer the "clear evidence" required to rebut a "presumption of regularity" that immigration proceedings enjoy. *See Kohli v. Gonzales*, 473 F.3d 1061, 1068 (9th Cir. 2007). He therefore fails to show that court staff who signed a certificate of service indicating service by mail did not in fact mail that notice in accordance with their duties. *Fourth*, though Moscoso argues the regulations do not require an alien to provide a physical residence, but rather only an address where an alien "may be contacted," the BIA did not rest its decision on Moscoso's failure to update his address. Rather, the agency found that he presumptively received notice at his brother's address, and our review is limited to those grounds. *See Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019).

2. We lack jurisdiction to review the agency's denial of *sua sponte* reopening. *See Menendez-Gonzalez v. Barr*, 929 F.3d 1113, 1115 (9th Cir. 2019). This case does not fit into the narrow exception applicable if the agency rests its grant or denial of the *sua sponte* reopening on "legal or constitutional error." *Menendez v.*

3

*Whitaker*, 908 F.3d 467, 471 (9th Cir. 2018). Although Moscoso claims the agency violated due process when it ignored his "policy arguments" for reopening, the agency considered all relevant evidence and "weigh[ed] the equities" of his case. A "petitioner may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb." *Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001). Because the BIA neither interpreted any law nor based the denial on a mistaken understanding of its own authority, *see Singh v. Holder*, 771 F.3d 647, 650 (9th Cir. 2014), its decision is "committed to agency discretion." *Menendez-Gonzalez*, 929 F.3d at 1116.

**PETITION FOR REVIEW DENIED IN PART AND DISMISSED IN PART.**