NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 12 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BLAS GARCIA-CISNEROS, <br><br> Petitioner, <br><br> v. <br><br> ROBERT M. WILKINSON, Acting Attorney General, <br><br> Respondent. | No.  18-73080 <br><br> Agency No. A078-069-237 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 10, 2021[**]
San Francisco, California

Before:  HURWITZ and BRESS, Circuit Judges, and CORKER,[***] District Judge.

After Blas Garcia-Cisneros, a native and citizen of Mexico, was charged with

removability, he gave the immigration court a mailing address and was released on

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]     The Honorable Clifton L. Corker, United States District Judge for the Eastern District of Tennessee, sitting by designation.

bond pending a removal hearing. Garcia then moved without informing the court. He claims he did not receive two notices of his removal hearing date, one mailed before he moved, and the other after. Garcia failed to appear at the hearing and was ordered removed *in absentia*. Four years later, Garcia filed a motion to reopen, asserting lack of notice of the removal hearing, equitable tolling of the lapsed deadline to reopen, and changed country conditions. An Immigration Judge ("IJ") denied relief, and the Board of Immigration Appeals ("BIA") dismissed Garcia's appeal. We deny Garcia's petition for review in part and dismiss it in part.

1.      A hearing notice is presumed received when "properly directed" to the alien's last provided address. *See Busquets-Ivars v. Ashcroft*, 333 F.3d 1008, 1010 (9th Cir. 2003) (quoting *Rosenthal v. Walker*, 111 U.S. 185, 193 (1884)); *Matter of M-R-A-*, 24 I. & N. Dec. 665, 673 (BIA 2008). Although "delivery by regular mail does not raise the same 'strong presumption' as certified mail," the burden remains on the alien to rebut the presumption of receipt. *Salta v. INS*, 314 F.3d 1076, 1079 (9th Cir. 2002). The IJ did not abuse his discretion in concluding that Garcia's bare allegation of nonreceipt did not rebut the presumption. *See Go v. Holder*, 744 F.3d 604, 609 (9th Cir. 2014) (noting standard of review on motion to reopen). And, after Garcia moved without updating his address, he was no longer entitled to notice. *See* 8 U.S.C. § 1229(a)(2)(B) ("[W]ritten notice shall not be required . . . if the alien has failed to provide the address required . . . ."); *see also Velasquez-Escovar v. Holder*,

2

768 F.3d 1000, 1004 (9th Cir. 2014) (stating that "aliens are entitled to notice unless they fail to give a current address to the government or fail to let the government know when they move").

2. Garcia is not entitled to reopening because the IJ failed to warn him orally of the consequences of failing to appear when he was released on bond. *Matter of M-S-*, 22 I. & N. Dec. 349, 355-56 (BIA 1998), upon which Garcia relies, does not aid him. In that case, an asylum officer failed to warn an applicant of the consequences of failing to appear before an IJ when serving a notice of hearing. *Id.* at 350. The BIA interpreted a provision of the INA not applicable here—8 U.S.C. § 1229a(b)(7)—and concluded that the alien was not precluded from seeking certain discretionary relief by virtue of her failure to appear. *Id.* at 356–57. And, in contrast to the petitioner in *M-S-*, Garcia signed an acknowledgement on the Notice to Appear that he was warned in his native language that failing to appear could result in a removal order *in absentia*.

3. Nor was Garcia entitled to equitable tolling of the deadline to move to reopen. Equitable tolling is available "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence." *Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003). Garcia claims that during a brief encounter with Immigration and Customs Enforcement agents in September 2012, the agents failed to inform him of his pending removal hearing.

3

But the agency considered this claim and engaged in the correct "fact-intensive and case-specific" assessment of "the reasonableness of petitioner's actions" under the circumstances. *Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011). Because Garcia did not claim he was affirmatively misled or prevented from inquiring about his case for over four years, the "particular circumstances" of this case do not compel a finding that he exercised due diligence. *Id*. at 679.

4. Garcia's claim of changed conditions in Mexico would make his motion to reopen timely only if based on evidence that "is material and was not available and could not have been discovered or presented at the previous proceeding." 8 C.F.R. § 1003.23(b)(4)(i); *see also Chandra v. Holder*, 751 F.3d 1034, 1036-37 (9th Cir. 2014). Evidence of changed conditions must be "qualitatively different" from evidence previously available. *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004). Even if, as Garcia argues (and the government concedes) there is increasing cartel violence in Mexico, the BIA did not abuse its discretion in concluding that Garcia failed to demonstrate qualitatively different conditions from those in existence at the time of his removal order. *Cf. Najmabadi v. Holder*, 597 F.3d 983, 987-89 (9th Cir. 2010) (declining to find changed conditions where the claimant showed that Iran's poor human rights record worsened).

5. We lack jurisdiction over Garcia's contention that the agency should

4

have exercised its power to reopen removal proceedings *sua sponte* because the agency did not rest its decision on "legal or constitutional error." *Menendez v. Whitaker*, 908 F.3d 467, 471 (9th Cir. 2018). Rather, the BIA determined that Garcia had not "demonstrated the requisite exceptional circumstances to justify *sua sponte* reopening."

**PETITION FOR REVIEW DENIED IN PART AND DISMISSED IN PART.**